NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SABINSA CORP.,**
*Plaintiff-Appellee*

**v.**

**HERBAKRAFT, INC.,**
*Defendant*

**PRAKRUTI PRODUCTS PVT. LTD.,**
*Defendant-Appellant*

---

2023-2002

---

Appeal from the United States District Court for the District of New Jersey in No. 1:14-cv-04738-RBK-SAK, Senior Judge Robert B. Kugler.

---

Before LOURIE, *Circuit Judge.*

## O R D E R

The court considers its jurisdiction over this case. Sabinsa Corp. sued Herbakraft, Inc. and Prakruti Products PVT. Ltd. ("Prakruti") for patent infringement. In 2015, the district court entered a consent judgment based on the parties' settlement agreement. However, the court later reopened the case after Sabinsa filed a motion alleging breach of the agreement. During discovery, the district

court sanctioned Prakruti for misconduct, ordering payment of over $1 million in fees and costs.  After determining that Prakruti failed to comply, the district court found Prakruti to be in "civil contempt," directed the clerk of court to enter default against Prakruti on breach of the settlement agreement and directed briefing on default judgment (which remains pending).  Dkt. No. 331 at 2.  Prakruti filed a notice of appeal from that order.

In general, we only have jurisdiction to review a "final decision" of a federal district court, 28 U.S.C. § 1295(a)(1), which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945).  Here, it is not clear that an appealable final decision has been entered. *See Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1347–48 (Fed. Cir. 2007) ("[C]ivil contempt orders [against parties] are not final judgments, even when a fine is assessed."); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 n.15 (2d Cir. 2011) ("Because the entry of default is an interlocutory act and, as such, a non-final order . . . it is therefore not appealable directly." (cleaned up)).

Accordingly,

IT IS ORDERED THAT:

(1)  The briefing schedule is stayed.

(2)  The parties are directed to show cause within 30 days from the date of entry of this order whether this appeal should be dismissed.

FOR THE COURT

June 30, 2023                          /s/ Jarrett B. Perlow
     Date                                 Jarrett B. Perlow
                                          Acting Clerk of Court